UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TODD GOETZE,

        Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                               Civil File No. 15-3169 (MJD/FLN)

CRA COLLECTIONS, INC., a/k/a R C Service;
UNITED CONCORDIA DENTAL, INC.;
JOHN DOE; ABBY DOE; KATHY DOE;
TABITHA DOE; and ROBERT HUNT,

        Defendants.

William T. Anderson, Law Office of William T. Anderson, Counsel for Plaintiff.

No appearance on behalf of Defendants CRA Collections, Inc., or Robert Hunt.

## I.     INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendants CRA Collections, Inc. and Robert Hunt. [Docket No. 22] The Court heard oral argument on November 16, 2017. Defendants did not appear. Plaintiff's motion is granted.

## II.    BACKGROUND

### A.     Factual Background

1

Plaintiff Todd Goetze lives in Shakopee, Minnesota.  (Compl. ¶ 4.)  Goetze is a natural person and alleges that he is a "consumer" under 15 U.S.C. § 1692a(3).

Defendant CRA Collections, Inc. ("CRA") is a corporation in the business of collecting debts, including through interstate telephone calls, with its principal place of business in Mechanicsburg, Pennsylvania.  (Compl. ¶¶ 5-6.)  CRA is also known as R C Service.  (Id. ¶ 5.)  CRA is a "debt collector" under 15 U.S.C. § 1692a(6).  (Compl. ¶ 6.)

Defendant Robert Hunt is a natural person, CRA's owner, and a "debt collector" under 15 U.S.C. § 1692a(6).  (Compl. ¶¶ 7, 21.)

Defendant United Concordia Dental, Inc. ("United Concordia") is a corporation with its principal place of business in Harrisburg, Pennsylvania.  (Compl. ¶ 8.)

During July 2014, CRA made multiple telephone calls to Goetze's attorney, William Anderson.  (Compl. ¶ 9.)  Goetze had hired Anderson to represent him in filing for Chapter 7 bankruptcy and for pursuing claims against debt collectors who violated the Fair Debt Collection Practices Act.  (Id. ¶ 29.)  CRA used an automated message, which failed to disclose CRA's identity, during multiple

2

telephone calls. (Id. ¶¶ 12, 16.) Nor did the calls identify CRA as a debt collector. (Id. ¶¶ 12, 16.)

Anderson called back the number from which CRA's calls originated. (Compl. ¶ 17.) After speaking with uncooperative representatives, who failed to provide their true identities or CRA's legal name (referring to it as RC Service) (id. ¶¶ 19-21), he was told that CRA's owner, Hunt, would call him back (id. ¶ 21.) However, Hunt did not call Anderson back. (Id. ¶ 22.)

One of the representatives informed Anderson that the debt in question was $421.83 arising out of receipt of dental services, which went into default for failure to pay. (Compl. ¶ 28.) The original creditor was United Concordia. (Id.)

Neither CRA nor RC Service nor any variation on those names has ever been licensed by the State of Minnesota to collect debt in Minnesota. (Compl. ¶¶ 23, 58.)

### B.   Procedural History

On July 29, 2015, Goetze filed a Complaint in this Court against CRA, Tabitha Doe, Kathy Doe, Abby Doe, Jane Doe, Robert Hunt, and United Concordia. [Docket No. 1] The Complaint alleges: Count 1: Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (against all Defendants); and Count 2: Common Law Negligence (against all Defendants).

3

The Complaint seeks actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A); costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3); damages determined by a jury for negligence; and injunctive relief requiring Defendants to stop all collection activity within Minnesota that fails to comply with Minnesota law.

CRA and Hunt were served on October 16, 2015. [Docket Nos. 5-6] On February 10, 2016, the Clerk's Office entered default against CRA. [Docket No. 14] On January 20, 2017, the Clerk's Office entered default as to Hunt. [Docket No. 18] On September 11, 2017, the Court dismissed United Concordia based on Goetze's Notice of Voluntary Dismissal. [Docket No. 29]

On September 7, 2017, Goetze filed the current motion for default judgment as to CRA and Hunt. [Docket No. 22] He served notice of the motion on attorney Geoffrey Gompers [Docket No. 26], and, after Gompers informed the Court that he did not represent CRA or Hunt [Docket No. 30], Goetze served notice directly on CRA and Hunt on September 25, 2017 [Docket No. 31]. On October 18, 2017, Goetze served an amended notice of hearing on CRA and Hunt. [Docket No. 32] He now requests $1,000 in statutory damages plus costs and attorneys' fees of $3,920, for a total recovery of $4,920.

4

## III. DISCUSSION

### A. Default Standard

CRA and Hunt have failed to answer or otherwise appear in this matter, and the Clerk's Office has entered default against them; thus, this matter is ripe for default judgment. Fed. R. Civ. P. 55. The Court accepts the factual allegations in the Complaint as true because "[a] default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

### B. FDCPA

> The FDCPA was passed to eliminate abusive debt collection practices. It broadly prohibits a debt collector from making a false, deceptive or misleading representation or means in connection with the collection of any debt, and from using unfair or unconscionable means to collect or attempt to collect any debt.

Haney v. Portfolio Recovery Assocs., L.L.C., 837 F.3d 918, 924 (8th Cir. 2016) (citations omitted).

The debt about which Defendants called Plaintiff's attorney was a "debt" under the FDCPA, because it was an obligation to pay money arising out of a transaction (receipt of dental services) in which money, insurance, or services was incurred primarily for personal, family or household purposes and went

into default for failure to pay. (Compl. ¶ 28.) See 15 U.S.C. § 1692a(5) (providing that "'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes").

Plaintiff is a natural person and, thus, a "consumer" under the FDCPA. (Compl. ¶ 4.) See 15 U.S.C. § 1692a(3) (providing that "'consumer' means any natural person obligated or allegedly obligated to pay any debt"). Additionally, CRA and Hunt are "debt collectors" under the FDCPA. (Id. ¶¶ 6-7.) See 15 U.S.C. § 1692a(6) (providing that "'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

Defendants have violated the FDCPA, 15 U.S.C. §§ 1692d(6), 1692e(11), by failing to disclose the name of the debt collection company and failing to disclose that the debt collector was calling to collect a debt. Section 1692d(6) prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which

6

is to harass, oppress, or abuse any person in connection with the collection of a debt," specifically including, "the placement of telephone calls without meaningful disclosure of the caller's identity." "Courts have construed [§ 1692d(6)] as requiring a debt collector disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." <u>Mark v. J.C. Christensen & Assocs., Inc.</u>, No. CIV 09-100 (ADM/SRN), 2009 WL 2407700, at *1 (D. Minn. Aug. 4, 2009). Additionally, § 1692e(11) bars a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "[t]he failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." Thus, allegations of "answering machine messages that failed to meaningfully disclose the identity of the caller and that the call was from a debt collector regarding a debt . . . are sufficient to state a claim under the FDCPA." <u>Mark</u>, 2009 WL 2407700, at *4.

Defendants have also violated § 1692f(1) by using "unfair or unconscionable means to collect or attempt to collect any debt" through "[t]he

collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).  A violation of "§ 1692f(1) can be premised on a violation either of a Minnesota statute or common law." Reeves v. Messerli & Kramer, P.A., No. 11-CV-729 (JNE/TNL), 2012 WL 926063, at *4 (D. Minn. Mar. 16, 2012).

> The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation.  Only those collection activities that use "any false, deceptive, or misleading representation or means," including "[t]he threat to take any action that cannot legally be taken" under state law, will also constitute FDCPA violations.

Carlson v. First Revenue Assur., 359 F.3d 1015, 1018 (8th Cir. 2004) (citations omitted).

Here, CRA engaged in collection activities without first being licensed to collect debts in Minnesota.  Thus, it violated the Minnesota statute making it a misdemeanor to collect debt without proper license or registration.  Minn. Stat. § 332.33, subds. 1-2.  Defendants have thereby violated the FDCPA.  See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA [Florida Consumer Collection

Practices Act] for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take."); Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471 (M.D. La. 1995) ("Several district courts agree with the plaintiff's proposition that a failure to comply with a state's licensing provisions is a violation of the FDCPA.").

The Eighth Circuit has allowed application of the FDCPA to debt collection communications sent to consumers' attorneys; however, "the unsophisticated consumer standard is inappropriate for judging communications with lawyers." Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 574 (8th Cir. 2015) (citation omitted). "Rather, a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." Id. (citation omitted). See also Demarais v. Gurstel Chargo, P.A., 869 F.3d 685, 695 (8th Cir. 2017) (holding that plaintiff stated a claim under 15 U.S.C. § 1692e when he "pleads factual content allowing a reasonable inference that [the debt collector's] conduct would likely [mislead] both an unsophisticated consumer and a competent attorney").

Here, failing to register as a debt collector, failing to identify the name of the debt collector, and failing to state that the debt collector was calling to collect a debt are violations of the statute even under the competent attorney standard.

### C.     Statutory Damages

The Court grants Plaintiff's request for $1,000 in statutory damages. The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for actual damages or "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1), (2). In determining the amount of statutory damages to award, the Court must consider: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

The Court concludes that an award of $1,000 is appropriate in this case. The violations were repeated and constitute serious violations.

### D.     Attorneys' Fees

Plaintiff requests costs of $576.00 and attorneys' fees of $3,344.00.

Under the FDCPA, "in the case of any successful action to enforce the foregoing liability, [a successful plaintiff is entitled to recover] the costs of the

action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The award of attorneys' fees is mandatory. <u>Iverson v. Greystone All.</u>, LLC, No. CIV. 14-1027 (ADM/HB), 2015 WL 4635840, at *3 (D. Minn. Aug. 4, 2015).

"Many District Courts apply a lodestar method [to calculate attorney's fees in FDCPA cases]. . . ." <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 599 n.16 (2010). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Other factors that the Court may consider include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Id.</u> at 424 n.3, 434. Overall, "the most critical factor is the degree of success obtained." <u>Id.</u> at 436.

Plaintiff has received a default judgment in his favor, so he is the prevailing party and is entitled to attorneys' fees and costs. His counsel spent 15.2 hours on this litigation. (Anderson Aff. ¶ 7.) This amount of time is reasonable. Furthermore, based on this Court's experience with similar cases in this District, counsel's hourly rate of $220 per hour is reasonable. The total amount requested for attorneys' fees, $3,344, is reasonable. Finally, Plaintiff incurred $400 for a filing fee and $176 for a service of process fee, for total costs of $576.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment Against Defendants CRA Collections, Inc. and Robert Hunt [Docket No. 22] is **GRANTED**.

2. Judgment is entered in favor of Plaintiff Todd Goetze and against Defendants CRA Collections, Inc. and Robert Hunt jointly and severally for $4,920, which consists of $1,000 in statutory damages plus costs and attorneys' fees of $3,920.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 28, 2017        s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court